## SUPREME COURT.

### James C. Wicker agt. Horace Dresser.

On an order to show cause why a judgment-debtor, in proceedings supplementary to execution, should not be punished for contempt in refusing to answer, or in not answering satisfactorily, a question as to the amount and nature of incumbrances on his property some six months previous to such examination,

*Held*, that such question was not necessarily within his power to answer. And an answer given, in substance, that he is unable to give the information sought by the question, is not necessarily evasive, or a refusal to comply with the order.

The question does not look to a discovery of property, but to a discovery of incumbrances on it. And he may not be bound in this proceeding to discover those incumbrances. That will depend on the form of the original order.

For disobedience of an order of a justice *out of court*, the punishment should be administered by the justice whose order is disobeyed, and on the papers read on the motion. (*See contra, same case*, 13 *How.* 331.)

*New-York Special Term, Feb.*, 1857.

On proceedings supplementary to execution out of supreme court, returned unsatisfied in part. Examination before a ref-

eree on an order of DAVIES, Justice, out of court, Sept. 17, 1856. The following order to show cause was made by PEABODY, Justice, on the 5th February, 1857 :—

(*Title of the cause.*)

"On the reports and certificates of the referee in this proceeding, supplementary to execution, the examination taken by him, and on all the papers and orders in this cause, let the defendant show cause before a justice of this court, at special term thereof, to be held at the city hall in the city of New-York, on Saturday, the 7th day of February, instant, at 10 o'clock, A. M., why the defendant, Horace Dresser, should not be punished as for a contempt, in neglecting and refusing to furnish the information called for by the following question, and pay costs of this motion:

"*Question*—'I desire you now to state the amount, as nearly as you are able, of the incumbrances upon your property on the 22d day of August last, and specify the nature of the incumbrances, and the names of the parties in whose favor they are?'

"And in refusing to furnish the information called for by similar questions, put to him on his examination concerning his property before the said referee. The report of the referee, and examination taken by him, to remain in his possession until the hearing of this motion, for the purpose of giving the said defendant an opportunity to inspect the same.

"C. A. PEABODY.

"*Dated Feb. 5th,* 1857."

R. W. VAN PELT, *for plaintiff.*
HORACE DRESSER, *defendant, in person,*

Stated the following points :—

"An order to show cause, why not to be punished as for a contempt, &c., returnable 'before a justice of this court [supreme court] at *special term,* thereof, to be held at,' &c., and signed by PEABODY, Justice, out of court.

"1. This order is not a safe one under any circumstances, in any sort of case, whether in an *action*, or in a *special proceeding.* It should have been returnable before the judge granting it. (*See Code*, §§ 27, 404.)

"2. It does not show anything in contempt of Judge DAVIES' order of 17th of September, 1856, under which the examination was being had : the order does not require, after discovery of property, the expenses of searches. It is not a *contempt* "in neglecting, &c., to furnish information," &c. It may be proper for the receiver, to be appointed hereafter, to make searches—if necessary, he can do so.

"3. This *court* has no jurisdiction of proceedings supplementary to execution, (*Code, chap.* 2,) except upon an application founded upon an affidavit .that the judgment-debtor *unjustly refuses to apply his property* towards the satisfaction of the judgment. This case is not within its provisions. This case is one coming under such proceedings as are provided, *upon the return of an execution.* The act contemplates such case as this to belong *exclusively* to a *judge out of court.* (*See fore part of* § 292.) But the case of unjustly refusing to apply property to the satisfaction of the judgment, may come before the court, or a judge thereof, at the *option of a judgment- creditor*, and *before a return of the execution;* (*see middle part of* § 292;) the act thus making TWO DISTINCT CLASSES OF CASES, each requiring a different course of proceeding in many particulars. This proceeding belongs exclusively to the judge before whom it was instituted, unless he can avoid it by Code; (§§ 27, 404;) and there is no such evidence furnished on this motion by the applicant for the order.

"But this court, at *general* term, has jurisdiction on appeal to review doings under proceedings supplementary to execution. (*Code*, § 349.)

'4. All the proceedings in this matter not before the judge who commenced them, or the referee appointed by him, are *void*, mere *nullities:* it is a proceeding unknown to the common law, a creature of the statute which must be strictly followed. The judge is authorized, *ex officio*, to entertain such

proceedings; he is *only a commissioner* for that purpose; he cannot delegate his power; he alone can punish for a contempt to him or his order; everything must be before him, *as such judge.* How can the *court,* or another judge, mete out the punishment adequate to his wounded feelings? The judge cannot mix himself up with the rules, &c., applying to *actions in court.* He has no more right to act, as a *court,* or to employ the powers belonging to him while using the functions of a judge in court, than has a judge to carry his orders into *court* and enter them of record in the minutes while hearing an *insolvent case,* a *case of habeas corpus,* or *proceeding under the non-imprisonment act,* which he may entertain out of court by virtue of his office as judge, and which come before him only as a *commissioner.* He is called a *commissioner* in such cases. (*Vide ex parte Beatty,* 12 *Wend.* 229.)

"In the nature of things, and by the statute also, *the judge* whose order is disobeyed must see to the punishment himself—*it is personal to him,* and not to another, (*Code,* § 302,) and cannot come within § 27 of the Code. The *court* (§ 302) may punish when the proceeding is before it, in a case of *refusal to apply,* &c., as in § 292; hence the use of the words, in § 302, "by the court *or* judge," having reference to the two distinct classes of cases in § 292, the one on *return of fi. fa.,* the jurisdiction of which exclusively belonging to a *judge,* the other on *issuing a fi. fa.,* and a refusal, the jurisdiction of which being, at the option of the creditor, in the *court* or to a *judge.*

"The law is not different now, since the Revised Statutes. (*Vide* 2 *R. S. p.* 555.) A judge at court, then, could not punish for a contempt, but *for express enactment;* and the inferior court never could punish on his account but for § 33 of that statute, (*p.* 539.)

"The only authority, either in the Code or in the old Revised Statutes, to punish for the contempt alleged in the order to show cause, is in § 302 of the Code. That must be done by the *judge, out of court,* and *as a commissioner, standing alone and independent of the court of which he may be a member.* That is not this case for which the order was granted.

" 5. Supplementary proceedings are *special proceedings.* (*Code,* § 3, *Voorhies' N. Y. Code, 4th revised ed.,* 1855, *p.* 18; *4th Practice Rep.* 190, 192; 3 *Code Rep.* 148; 1 *Kernan,* 277.)

"Supplementary proceedings are not provisional remedies. (*Vide Voorhies' Code, same ed. as above, p.* 24, *note* a, *and from p.* 270 *to* 338, *including all the provisional remedies.*)

" The *action* ceases *as such* after judgment and execution, and the offices of the *court* go no further; if the *court* acts further, it can do so only in a creditor's *suit,* or on a *refusal to apply property,* as provided in middle part of § 292 (*Code.*)

" 6. The magistrate, without having gained jurisdiction of the person by having him before him in the manner required by law, (*see order to show cause,*) the proceedings are void; and in the case of a limited and special jurisdiction, the magistrate attempting to enforce a *proceeding* founded on any judgment, sentence, or conviction, in such a case becomes a trespasser. *Bigelow* agt. *Stearns,* 19 *John.* 39.)

Inferior jurisdictions, not proceeding according to the course of the common law, cannot enlarge their authority by implication. (*Jones* agt. *Reed,* 1 *J. C.* 20; *S. C.* 1 *Cai. R.* 594; *Wells* agt. *Newkirk,* 1 *J. C.* 292.)

"7. Motion should be denied with costs."

PEABODY, Justice. The question asked in this case, which the defendant refuses to answer, or answers unsatisfactorily, is not necessarily within his power to answer. He may not have the information asked for, or any of it. He may be, as he, by his answer, which is under oath, says he is, unable to state any of the incumbrances which were on his property six months before the time of the examination.

The question does not look to a discovery of property, but to a discovery of incumbrances on it; and he may not be bound in this proceeding to discover those incumbrances: this will depend on the form of the order.

The defendant has given an answer, in substance, that he is unable to give the information sought by the question. This answer is not necessarily evasive, or a refusal to comply with

---

the order: at any rate, I cannot so decide in the absence of evidence of the order, which it is said he disobeys.

The order requiring the defendant to answer was made, not by the court, but by a justice of the court, and was or should have been returnable before him, but whether it was in fact so or not does not appear. The examination, to be sure, could, under certain circumstances, proceed before another justice, and whether it did so proceed, and whether the hearing on the return of it was before him or another, does not appear.

The order by which the proceeding got before a referee is not among the moving papers, and there is no sufficient evidence of the authority of the referee to require defendant to answer, or of what is required by the order.

Neither the original order initiating the proceedings, nor any order of reference appears ; nor is there sufficient evidence of the terms or substance of either.

For disobedience of an order of a justice out of court, the punishment should be administered by the justice whose order is disobeyed, and on the papers read on the motion.

I think that I cannot order the defendant punished for contempt.